**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| In re:<br><br>VICTORIA LYNN McCARTY,<br><br>Debtor. | Case No. 05-03091<br>Chapter 11 |

**MEMORANDUM OF DECISION ON DEBTOR'S MOTION
TO CONVERT TO CHAPTER 13 OR 11 AND
ORDER TO SHOW CAUSE WHY CASE SHOULD
<u>NOT BE RECONVERTED TO CASE UNDER CHAPTER 7</u>**

TO:  JERROLD K. GUBEN, Esq.
    733 Bishop Street, Fl. 24
    Honolulu, Hawaii 96813

    Attorney for Debtor

  The Debtor commenced this case on October 4, 2005, with the filing of a voluntary petition under chapter 7. On September 14, 2006, the Debtor filed a motion for conversion of the case to one under chapter 13, or in the alternative, to one under chapter 11. The Debtor sought the alternative relief because a case under chapter 7 may not be converted to a case under another chapter unless the debtor may be a debtor under that chapter. 11 U.S.C. § 706(d). Under 11 U.S.C. § 109(e), an individual may not be a debtor under chapter 13 if certain debt limits are exceeded.

  The Debtor is not eligible under under chapter 13 unless one excludes

her debts under two agreements of sale which she and her husband signed as purchasers. Both debts must be included.

The Debtor argues that the liability under those agreements is an obligation only of the marital entirety of herself and her husband, and is not an individual or joint liability of either of them. The Debtor offers no evidence or authority for this creative proposition.

The Debtor also argues that her liability under the agreements of sale is "contingent" and therefore does not count against the eligibility limit of section 109(e). "A claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event." 2 Collier on Bankruptcy ¶ 109.06[2][b] (15th rev. ed. 2006). The "contingency" on which the Debtor relies is her choice to assume or reject the contracts under section 365. But agreements of sale are not "executory contracts" within the meaning of section 365. <u>See</u> Memorandum of Decision filed on March 16, 2006, in <u>JPL & Co., Inc. v. Global Environmental Svcs. Group, LLC</u>, Adv. Pro. No. 05-90148. Even if they were executory contracts, the possibility of rejection does not make the obligation contingent. The power to reject a contract is a privilege to breach that contract and treat the resulting liability for damages in a particular way for distributive purposes in bankruptcy. Rejection neither creates nor extinguishes the

2

U.S. Bankruptcy Court - Hawaii    #05-03091    Dkt # 105    Filed 09/29/06    Page 2 of 5

debtor's liability.

The Debtor argues that one of the two agreements of sale was cancelled due to the Debtor's default prepetition. The letter she offers in support of this argument is unauthenticated and therefore inadmissible. Further, the letter does not purport to "cancel" the agreement of sale, much less extinguish the Debtor's liability for the amount due under the agreement of sale. Rather, it is a simple declaration of default. Finally, even if the seller intended to cancel the agreement of sale, Hawaii law precludes the cancellation of an agreement of sale where the buyer has equity in the property. <u>Jenkins v. Wise</u>, 58 Hawaii 592, 574 P.2d 1337 (1978). Therefore, any purported cancellation would likely be ineffective.

Therefore, the Debtor's debts are in excess of the eligibility limit for chapter 13, and the Debtor may not convert her case to chapter 13.

The chapter 7 trustee and creditors Eugene and Dolores Ferrari (who are the sellers under one of the two agreements of sale) argue that the court should not allow the Debtor to convert to chapter 11 because of the Debtor's alleged concealment of assets, misrepresentations in the bankruptcy schedules and statements, and failure to provide information to the Trustee. The debtor has an absolute one-time right to convert a case from one chapter to another chapter, so

3

U.S. Bankruptcy Court - Hawaii   #05-03091   Dkt # 105   Filed 09/29/06   Page 3 of 5

long as the debtor is eligible under the other chapter. In re Croston, 313 B.R. 447, 452 (B.A.P. 9th Cir. 2004). Anyone who is eligible to be a debtor under chapter 7 is also eligible under chapter 7. 11 U.S.C. § 109(d). Therefore, I must grant the Debtor's alternative request for conversion to chapter 11. A separate order will enter disposing of the Debtor's motion.

      The court may dismiss or convert a chapter 11 case for a number of reasons. 11 U.S.C. §§ 1104(a), 1112(b).[1] The statutory list of reasons is non-exhaustive and bad faith is sufficient cause. In re Marsch, 36 F.3d 825, 828 (9th Cir. 1994). In particular, filing materially false representations in schedules and statements, concealing assets, and conducting pertinent financial transactions without the knowledge of the court exhibit a lack of good faith in the bankruptcy case and are cause for dismissal or reconversion to chapter 7. See, e.g., In re Rognstad, 121 B.R. 45 (Bankr. D. Haw. 1990); see also In re Jayo, ___ B.R. ___, 2006 WL 2433451 (Bankr. D. Idaho July 28, 2006) (finding bad faith in debtor's providing false information and omissions in bankruptcy filings as cause to reconvert case to chapter 7). The Debtor's argument that one of the two agreements of sale was cancelled prepetition also may constitute a breach of her

---

[1] The amendments of section 1104 and 1112(b) enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 do not apply to this case.

4

U.S. Bankruptcy Court - Hawaii    #05-03091    Dkt # 105    Filed 09/29/06    Page 4 of 5

fiduciary duty to maximize the estate. The court has the power to convert or dismiss a case on its own motion. 11 U.S.C. § 105(a). The allegations concerning the Debtor's conduct in this bankruptcy case are serious and may be cause for reconversion to chapter 7 or appointment of a chapter 11 trustee.

NOW, THEREFORE, the Debtor is ordered to show cause why this case should not be reconverted to one under chapter 7 or why a trustee should not be appointed to oversee the case in chapter 11. A hearing for that purpose shall be held on October 27, 2006, at 10:00 a.m. The Debtor may file a written response not later than October 16, 2006, and any party-in-interest may file a reply not later than October 23, 2006. If the Debtor fails to file a timely written response, the court may (in its discretion) cancel the hearing and decide the matter on the existing record.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **09/29/2006**

5